No. 14,363.

A. MARX ET ALS. VS. J. B. SANDERS, SHERIFF.

SYLLABUS.

Although the purchase price of property sold at sheriff's sale should be paid in cash, such a sale is not null if, by the consent of all parties, the purchaser is allowed to return the purchase price pending the trial of a suit to determine who is entitled to the proceeds.

Where a sheriff's term of office expires, pending such a condition of affairs, his successor should take the matter up and carry it on to completion.

I N RE. A. Marx, *et als.*, Applying for *Certiorari*, or Writ of Review, to the Court of Appeal, Fifth Circuit, State of Louisiana.

*Weeks & Weeks and Solomon Wolff*, for Petitioners.

Respondent Judges *pro se.*

*Mentz & Borah*, for J. R. Todd, Defendant, and Intervenor.

The opinion of the court was delivered by

BREAUX, J. Relators, claiming to have become the owner of machinery under a sheriff's adjudication, seek to have their asserted possession and ownership of this property recognized by a decree of court. They proceeded by rule against the sheriff now in office and asked that he be ordered to deliver possession to them as transferees of Henry Kaufman, machinery which they allege was bought by Kaufman at the sale made on the first of July, 1899.

We are informed by the record that in suits Nos. 10,301 and 10,302 of the docket of the District Court, judgment was rendered against J. B. Alexander and in favor of Henry Kaufman with recognition of a vendor's lien on the machinery in question.

Another creditor obtained an order of seizure and sale against the debtor, Alexander, and under it the plantation on which the machinery claimed by plaintiff was at the time, was sold at sheriff's sale. Execution was also issued on the judgment in which Kaufman's vendor's

privilege on the machinery in question was recognized (Nos. 10,301 and 10,302) and this machinery was also advertised to be sold on the same day the plantation was sold. The creditor who was foreclosing obtained an order of court and filed a third opposition in the two suits Nos. 10,301 and 10,302, ordering the sheriff to hold in his hands the proceeds of the sale of the machinery.

It seems that in this opposition the foreclosing creditor, Braud, challenged the sheriff's right to sell the machinery under the two writs of *fi. fa.* and averred that by reason of his mortgage he had a right to the machinery first in rank.

The sheriff, on the first of July, 1899, as previously advertised in foreclosure proceedings, sold the plantatinn to John R. Todd. The machinery in question was not included in the sale of the plantation, but was sold separately under the *fi. fa.* issued at the instance of Henry Kaufman, judgment creditor, in 10,301 and 10,302.

The sheriff's return on the *fi. fa.* sets up that Kaufman, subrogee of Marx, was the highest bidder and now asks to be placed in possession by the sheriff, although he has not deposited the price of adjudication.

John R. Todd, who bought the place but not this machinery, became, by the purchase, subrogated to Braud's right as third opponent, claiming a preference over the proceeds because of a prior right.

It is said by the Tidal Wave Company, purchaser of Braud's right, that in purchasing this right, as set forth in his (Braud's) third opposition, and then with knowledge that Kaufman had been permitted to retain the price, filing proceedings to claim proceeds of the sale, acknowledged the validity of the sale and acquiesced in the sheriff's permitting him to retain the price and is forever estopped.

That one who subsequently to a sale files a third opposition and claims the proceeds waives the irregularities disclosed by the record. Kaufman insists that the sale is not invalidated and that he is entitled to the property, although he has not deposited the amount to complete his bid. His contention is that with the permission of the sheriff, as shown by his return, he was permitted to retain the price until the opposition shall have been decided. That the third opponent made no objection to this, accepted a deed which recites that the machinery was sold to Kaufman, and in selling the plantation to the Tidal Wave Company, three months later, expressly excepted it.

We take it that plaintiffs are the owners of the right that Kaufman

had.   The sheriff by whom the sale had been made had gone out of office.   The sheriff now in office avers that his predecessor returned the writs and that he in consequence owes no duty to plaintiffs.

Considering that this was unfinished business left by the old sheriff, it devolves upon his successor to complete it, to the extent that this agency is needed to that end.   He has it in his power to call on the adjudicatee for the price and deliver the property. Having disposed of this defense by the sheriff, we pass to a consideration of the demand for the immediate delivery of the property.

In answer to this ground of demand, we can only say that it is ordinarily the duty of the sheriff in making a sale on execution to demand payment for property sold for cash, if not paid then and there to avoid the sale in the manner required, and resell or postpone the sale in certain cases, giving notice thereof.

But a sale is not null if the price be not paid and delivery is postponed in order to permit the parties to try issues as to who is entitled to the proceeds.   In the recent case without objection on the part of any one, the buyer was permitted to retain the price.   It was substantially provided that in case of loss of the suit the proceeds were to be paid to whom of right they belong, and matters as relates to price and delivery of the property were to remain in abeyance for a time.   We excerpt from the sheriff's return: "The purchaser being the seizing creditor, having paid in cash only the costs of court, the property sold is held on the Tidal Wave plantation until the opposition filed in this case is adjudicated by the court."

Our examination of the case has not resulted in convincing us that all litigation is at an end.   Todd, the intervenor, claimed a right as owner of the property as having become immovable by destination. The court expressed the view that this intervenor and his author had estopped themselves from claiming the property by claiming the proceeds. But as to whether he is estopped from claiming the proceeds is another question, with which we must decline to deal in these proceedings.   He is estopped from claiming the property.   It may be different as to the proceeds; as to this, we express no opinion.   This property will come up on the trial of the opposition, and we do not think it should be here disposed of, as it belongs to the issues on the opposition.

In the present state of affairs, it only remains for the parties to settle their business differences by disposing of the opposition and then the sale can be completed.

We agree with our learned brothers of the Court of Appeal in the statement made by them, as follows: "The facts in this case lead us to the inevitable conclusion that this machinery was not included in the sale of the plantation to Braud, and that he never paid anything for it; that he was never the owner of it, and that inasmuch as John R. Todd acquired only such rights as Anatole J. Braud himself had, he, Todd, ought not to be decreed the owner of said machinery."

We agree with the Court of Appeal in holding that the application is premature, and cannot be allowed at this time.

It is therefore ordered, adjudged, and decreed that the application for the writ of *certiorari* and prohibition be dismissed.